UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KAREN AUDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:10-CV-260 |
| v. | ) | *Collier / Lee* |
| | ) | |
| WETSEAL RETAIL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's expedited motion to shorten the responsive time for Defendant's responses to Plaintiff's first set of interrogatories and requests for production of documents [Doc. 19]. Plaintiff's discovery requests were served on November 18, 2010, the same day as the motion was filed. Although Defendant would have had 33 days under the Federal Rules to respond, *see* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 6(d); 5(b)(2)(C), Plaintiff asks the Court to require Defendant to respond in 12 days—a time period which also spans the Thanksgiving holiday weekend. Plaintiff's discovery requests relate to an arbitration provision in Plaintiff's contract, an issue raised in Defendant's motion to dismiss or, in the alternative, to compel arbitration. However, as Defendant points out,[1] Plaintiff has already responded to that motion, and she has not articulated any sufficient reason for the shortened discovery time. Plaintiff's motion [Doc. 19] is therefore **DENIED**.

In its response to Plaintiff's discovery motion, Defendant asks for "appropriate remedies"

---

[1] Defendant filed a responsive brief on November 29, 2010, in accordance with the Court's expedited briefing schedule. Plaintiff was permitted to file a reply the following day, but elected not to do so.

under Local Rule 37.2, which provides for sanctions where a party files an "unnecessary discovery motion[]." E.D. TN. Local Rule 37.2. Although not filed as a separate motion, the Court construes Defendant's request as a motion for sanctions. Defendant argues that Plaintiff's motion was "unnecessary" because Plaintiff failed to satisfy the "meet and confer" requirement of Fed. R. Civ. P. 37 [Doc. 23 at 5]. Plaintiff's motion, however, was not brought under Fed. R. Civ. P. 37. Plaintiff moved under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), neither of which contains a "meet and confer" requirement. Consequently, Defendant's motion for sanctions is **DENIED**. However, the parties shall be required to confer prior to seeking court intervention on such issues in the future.

SO ORDERED.

ENTER:

*s/Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE