UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAREN AUDAY,                      )
                                  )
            Plaintiff,            )
                                  )   1:10-CV-260
v.                                )
                                  )   Collier/Lee
THE WET SEAL RETAIL, INC.,        )
                                  )
            Defendant.            )

**MEMORANDUM**

Before the Court is Plaintiff Karen Auday's ("Plaintiff") "Motion for Relief from Judgment and/or to Alter or Amend Judgment" (Court File No. 37), seeking relief from the Court's earlier Judgment Order dismissing her employment discrimination action under the doctrine of judicial estoppel. Defendant The Wet Seal Retail, Inc. ("Defendant") has responded (Court File No. 43), and Plaintiff replied (Court File No. 45). For the following reasons, the Court will **DENY** Plaintiff's motion (Court File No. 37).

**I.  FACTS & PROCEDURAL HISTORY**

The facts of this case are stated in detail in the memorandum accompanying the Judgment Order dismissing the case (Court File No. 35), and the Court will not repeat them at length here. Briefly, Plaintiff's employment was terminated by Defendant on September 17, 2009. At the time of her termination, as now, Plaintiff believed her termination was discriminatory and actionable.[1]

---

[1] This is evident from a September 21, 2009 e-mail in which Plaintiff expressed her opinion she was wrongfully terminated, and stated her intention to consult an attorney. This e-mail was attached to a pleading, and so was properly considered by the Court when deciding Defendant's motion for judgment on the pleadings. *See* Fed. R. Civ. P. 10(c).

On September 21, 2009, Plaintiff and her husband filed a Chapter 7 bankruptcy petition. The petition listed $510,725.63 in liabilities. As part of the bankruptcy petition, Plaintiff filled out an accompanying Schedule of Assets. Under penalty of perjury, Petitioner marked "None" by the entry "Other contingent and unliquidated claims of every nature," omitting her potential lawsuit against Defendant. Throughout the course of her bankruptcy proceedings, Plaintiff never amended the petition and associated schedules to reflect her termination by Defendant and her possession of employment discrimination claims against it, despite amending the petition at one point to alter the unsecured creditor list.

On January 5, 2010, Judge Cook entered an order discharging Plaintiff and her husband. One month after the discharge, on February 8, 2010, the trustee of Plaintiff's bankruptcy estate applied to the bankruptcy court to employ Plaintiff's present counsel as "special counsel" to pursue the employment discrimination claim. According to Plaintiff, Plaintiff's present counsel had notified the trustee of Plaintiff's employment discrimination claim on December 17, 2009.[2]

On September 15, 2010, Plaintiff's complaint against Defendant was removed to this Court. Defendant moved for judgment on the pleadings on three distinct theories: 1) Plaintiff was judicially estopped from bringing the present claim because she failed to disclose it to the bankruptcy court;

---

[2]A December 17, 2009 letter from Plaintiff's present counsel to the bankruptcy trustee informing him of Plaintiff's potential case against Defendant was attached as an exhibit to a declaration of the trustee (Court File No. 16-3). This letter is very general: it does not state when Plaintiff's claim arose, whether Plaintiff was aware of the factual basis before filing for bankruptcy, and what sorts and amounts of damages would be sought. Because the declaration was outside the pleadings – not to mention the fact the declaration was unsigned and therefore inadmissible – the Court did not consider it or the attached letter as evidence. Plaintiff now argues the Court should have converted the motion for judgment on the pleadings into a motion for summary judgment so that it could consider the declaration and letter. However, while the Court did not formally consider these items as evidence, its analysis essentially credited the documents, but found judicial estoppel applied nonetheless.

2

2) Plaintiff lacked standing because her claim was part of the bankruptcy estate; and 3) Plaintiff was bound by an arbitration agreement to arbitrate her claim. The Court held Plaintiff was indeed judicially estopped from bringing the present discrimination suit, and so dismissed the case. The Court did not reach the other two independent grounds for dismissal raised by Defendant. Following the dismissal, Defendant filed the present for relief from judgment and/or to amend judgment.

## II.     STANDARD OF REVIEW

Plaintiff has filed the present motion pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. These rules are quite similar, both substantively and in the formidable challenge they present to litigants who would utilize them. Rule 59(e) provides for the filing of a motion to alter or amend a judgment, but the Rule does not list specific grounds for such a motion. The Sixth Circuit has explained courts may grant a Rule 59(e) motion to alter or amend if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Such a motion is proper only if it contains "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp.2d 573, 634 (N.D. Ohio 2003). Parties "cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Rule 60(b) does list the grounds for a motion for relief from judgment, and they are quite similar to those applied by courts in the Rule 59(e) context:

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions to reconsider under Rule 60(b) provide opportunities for the Court to "correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *Madden v. Chattanooga City Wide Serv. Dep't*, No. 1:06-CV-213, 2007 WL 2156705, at *3 (E.D. Tenn. July 25, 2007) (quotation omitted). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "A Rule 60(b) motion is not a substitute for an appeal." *Madden*, 2007 WL 2156705, at *3 (quotation omitted). With regard to the catch-all provision of Rule 60(b)(6), the Sixth Circuit has stated "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted).

## III. DISCUSSION

The basis of Plaintiff's motion, under both Rules 59(e) and 60(b), is her contention the court made "manifest errors of law and fact" in dismissing the case (Court File No. 45, p. 10). Specifically, Plaintiff argues the Court misunderstood the bankruptcy system, most notably the role

4

of the trustee, when determining Plaintiff was judicially estopped from bringing her employment discrimination claim because she failed to disclose it to the bankruptcy court. According to Plaintiff, her present counsel's December 17, 2009 letter to the trustee was effectively disclosure of the discrimination claim *to the bankruptcy court*, thus this Court erred in finding she did not disclose the claim to the bankruptcy court.[3] As before, the Court disagrees.

In the bankruptcy context, judicial estoppel "bars a party from (1) asserting a position [in a civil suit] that is contrary to one that the party has asserted under oath in a prior [bankruptcy] proceeding, where (2) the [bankruptcy] court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)). Plaintiff's present "position" – that is, that she has an employment discrimination claim against Defendant – is "contrary to" a position asserted under oath in the prior bankruptcy proceeding, namely, that she did not possess any undisclosed claims. It is undisputed Plaintiff neglected to *ever* include her potential lawsuit in the bankruptcy petition,[4] and it is undisputed this petition, including accompanying schedules, was made

---

[3]Plaintiff also suggests the Court may have "inadvertently overlooked" certain facts, including: 1) it was the trustee who applied to the bankruptcy court for approval of the commencement of this case, rather than the Plaintiff; and 2) the employment of present counsel was approved by the bankruptcy court before commencement of this case. The Court did not overlook these facts. The Court discussed in detail the application to employ special counsel (which was filed post-discharge), and specifically noted it was the trustee who filed the application (Court File No. 35, p. 3). Similarly, the Court acknowledged the employment of present counsel was approved by the bankruptcy court before commencement of this case (*id.*). This fact has nothing to do with the Court's determination Plaintiff did not disclose her potential claim to the bankruptcy court until after her discharge was entered.

[4]Plaintiff quibbles with the Court's statement that Plaintiff omitted the potential lawsuit in her "bankruptcy petition." "The omission was actually on a 'schedule of assets," Plaintiff points out (Court File No. 38, p. 9). This hair-splitting criticism borders on frivolous. The schedule of assets was a schedule *to the bankruptcy petition*, was submitted as *part of* the bankruptcy petition, and,

5

under oath. Plaintiff had a duty to disclose the potential lawsuit to the bankruptcy court, and she neglected this duty, both by her initial omission of the claim from the petition, and by her continuing failure to amend the petition to include the claim. "It is well-settled that a cause of action is an asset that must be scheduled under [11 U.S.C.] § 521. Moreover, the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (quotation omitted).

Despite the conceded omission of her employment discrimination claim from the bankruptcy petition, Plaintiff claims present counsel's disclosure of the claim to the trustee prior to discharge effectively served as notice of the claim to the bankruptcy court, thus she did not, in fact, assert contrary positions in the two cases. Plaintiff suggests the Court's earlier conclusion to the contrary evidenced a misunderstanding of the bankruptcy system and the role of the trustee. However, Plaintiff has proffered no compelling law or precedent for the proposition that writing a letter to the bankruptcy trustee telling him of the existence of a potential unliquidated claim is equivalent to amending the schedule of assets, much less that it was a "manifest error of law" for the Court to find them not equivalent.[5] Indeed, if writing a letter to the trustee is equivalent to updating one's bankruptcy petition and schedules, it is difficult to see why there should exist a formal mechanism for amendment at all. The Court adheres to its earlier conclusion that, letter to the trustee notwithstanding, Plaintiff did not disclose the existence of her potential discrimination claim to the bankruptcy court prior to discharge. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778,

---

along with the rest of the bankruptcy petition, was signed under penalty of perjury.

[5]Still less has Plaintiff shown a letter to the trustee which, like the one Plaintiff's counsel allegedly sent the trustee, does not even state the possible value of the claim would sufficiently apprise the bankruptcy court of the existence of this asset.

6

784 (9th Cir. 2001) (holding that "notifying the trustee [of a potential claim] by mail or otherwise is insufficient to escape judicial estoppel" and that the plaintiff "[wa]s required to have amended his disclosure statements and schedules to provide the requisite notice, because of the express duties of disclosure imposed on him by 11 U.S.C. § 521(1), and because both the court and [the plaintiff's] creditors base their actions on the disclosure statements and schedules.").

Additionally, the Court adheres to its conclusion that the bankruptcy court "adopted" the position Plaintiff had no assets beyond those listed in the schedule of assets when it entered the discharge. Plaintiff contends that because any proceeds of the instant lawsuit could be distributed among her creditors, and because the trustee could seek revocation of the discharge if he thought it justified, the bankruptcy court did not "adopt" the disclosures in her schedule of assets in any meaningful way. Apparently in Plaintiff's view, a bankruptcy court only adopts a position when it takes a truly irreversible action for which the position is a necessary predicate. This view is untenable. If a bankruptcy court does not adopt a debtor's under-oath representation that her debts far outstrip her assets, as indicated in the schedule of assets, when it enters a Chapter 7 discharge, it is difficult to see what court action could possibly constitute "adoption." Such a view would make judicial estoppel a dead letter, at least in the Chapter 7 context.

Furthermore, courts have repeatedly held a bankruptcy court adopts a debtor's representation of her assets when it enters a discharge. *See, e.g.*, *id*. ("a [Chapter 7] discharge of debt by a bankruptcy court is sufficient acceptance to provide a basis for judicial estoppel"); *In re Johnson*, 345 B.R. 816, 622 (Bankr. W.D. Mich. 2006) ("This court implicitly accepted the statements in the Debtor's schedules and statement of financial affairs when it granted her a [Chapter 7] discharge of debts."); *Pate v. United Parcel Serv., Inc.*, No. 3:05-cv-531, 2006 WL 2076795, *2 (E.D. Tenn. July

7

24, 2006) (finding that judicial estoppel should apply when "[i]n the [Chapter 7] bankruptcy proceedings, the plaintiff failed to list his employment claims as an asset of his estate, and the bankruptcy court granted the plaintiff a discharge without knowing about the claims."). In light of the weight of precedent, as well as the neutering of the judicial estoppel doctrine which would follow if discharge were insufficient to constitute adoption of a debtor's schedule of assets, the Court determines it did not err, much less make a "manifest mistake of law," by holding the bankruptcy court adopted the position Plaintiff had no additional assets when entering discharge.

## IV. CONCLUSION

For the reasons stated above, the Court concludes it did not make "manifest errors of law or fact" when holding the doctrine of judicial estoppel operates to bar Plaintiff's employment discrimination claim. Accordingly, the Court will **DENY** Plaintiff's Motion for Relief from Judgment and/or to Alter or Amend Judgment (Court File No. 37).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**