*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0370p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT



KAREN AUDAY,

*Plaintiff-Appellant,*

*v.*

No. 12-5057

WET SEAL RETAIL, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 1:10-cv-260—Curtis L. Collier, Chief District Judge.

Argued: October 10, 2012

Decided and Filed: October 25, 2012

Before: SUTTON, GRIFFIN and WHITE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Frank P. Pinchak, BURNETTE, DOBSON & PINCHAK, Chattanooga, Tennessee, for Appellant. Jonathan O. Harris, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Nashville, Tennessee, for Appellee. **ON BRIEF:** Frank P. Pinchak, Harry F. Burnette, William H. Payne IV, BURNETTE, DOBSON & PINCHAK, Chattanooga, Tennessee, for Appellant. Jonathan O. Harris, Jennifer S. Rusie, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge. Karen Auday had a bad week. To start, her employer, Wet Seal Retail, fired her, a decision she believes was based on age. Four days later, she and her husband filed for bankruptcy. Auday now attempts to sue Wet Seal for age discrimination, but the claim became property of her estate when she entered

No. 12-5057          *Auday v. Wet Seal*                                        Page 2

bankruptcy.  We thus must vacate the judgment and return the case to the district court either to allow Auday to dismiss the action without prejudice or to allow Auday to amend the complaint.

In December 2008, according to the complaint, Auday started work at a Wet Seal store in Chattanooga, Tennessee.  Wet Seal markets clothing to young women, and Auday was 47 years old.  Before long, her supervisor (a woman in her twenties) began expressing "displeasure" about Auday's age and attire "in a store for young people." R. 1-1 ¶ 8.  Other Wet Seal employees made similar comments, saying she should look for a "more age appropriate" job.  *Id*. ¶ 11.  On September 17, 2009, Wet Seal fired Auday.  Upset, she wrote a letter to the company's corporate office and told them her firing was "pre-meditated and deliberate, and nothing more than the culmination of 10 months of constant harassment, discrimination, and unlawful labor practices."  R. 6-1. She also stated that she was consulting an attorney and would "not rest until this matter is resolved in a lawful and equitable manner."  *Id*.

Four days after she lost her job, Auday and her husband filed for Chapter 7 bankruptcy, listing $510,725 in liabilities.  *In re Auday*, No. 1:09-bk-16044, ECF No. 1 at 18 (Bankr. E.D. Tenn. Sept. 21, 2009).  They declared $204,370 in assets but did not include Auday's age-discrimination claim against Wet Seal, *id.* at 22, as required, *see* 11 U.S.C. § 521(a)(1)(B)(i); *In re Cottrell*, 876 F.2d 540, 543 (6th Cir. 1989).

On December 17, 2009, nearly three months after Auday filed her bankruptcy petition, her lawyer wrote a letter to the bankruptcy trustee, Jerrold Farinash, to tell him that Auday "has a possible age discrimination case" and to ask "[w]hat do we need to get to be hired?"  R. 16-3 at 4.  Neither the Trustee nor Auday's lawyer shared this information with the bankruptcy court, and the bankruptcy court discharged Auday from her debts on January 5, 2010.  On February 8, 2010, the Trustee applied to the bankruptcy court for authority to hire Auday's lawyer, Frank Pinchak, to pursue the claim against Wet Seal.  *In re Auday*, ECF No. 23 (Feb. 8, 2010).  Notice of this application and opportunity to object was sent to Auday's creditors as part of the Trustee's application.  Even though the bankruptcy court and creditors were notified of

the claim, the schedule was never amended.  The bankruptcy court granted the Trustee's application, appointing Pinchak as "special counsel for the Trustee" to pursue the age-discrimination claim.  *In re Auday*, ECF No. 25 (Mar. 5, 2010).

For reasons of his own, the Trustee did not follow this path.  Five months later, Auday, as opposed to the Trustee, sued Wet Seal in state court, seeking $500,000 in damages and reinstatement.  Wet Seal removed the case based on diversity jurisdiction. The district court granted judgment on the pleadings to Wet Seal, holding that Auday's failure to list a potential claim on her bankruptcy petition barred her from bringing the claim later.  Wet Seal also argued that Auday lacked standing because the claim belonged to the Trustee.  The district court did not address the latter argument, holding that because the estoppel issue was clear, it did not need to address Auday's standing.

We need not decide whether the district court properly barred Auday from litigating a claim that she failed to list in the bankruptcy court schedule.  For in reaching this conclusion, the district court (with some assistance from the parties) did not address a threshold question:  Is Auday capable of bringing this lawsuit?  *See Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); Fed. R. Civ. P. 17(a).

When Auday filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition.  *See* 11 U.S.C. § 541(a)(1) (defining the estate as "all legal or equitable interests of the debtor in property" when the debtor files for bankruptcy); *In re Cottrell*, 876 F.2d at 543.  Her age-discrimination claim against Wet Seal is no different.  It accrued when the company fired her on September 17, 2009, and became the property of her estate when she filed for bankruptcy four days later.  *See Bauer v. Commerce Union Bank*, 859 F.2d 438, 440–41 (6th Cir. 1988).  This means that, absent abandonment, only the Trustee may bring the age-discrimination claim, and Auday "has no standing to pursue" it alone.  *Id.* at 441; *see also Davis v. Ford Motor Co.*, 978 F.2d 1258, at *3 (6th Cir. 1992) (unpublished table decision); *Estate of Spirtos v. One San Bernardino Cnty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175–76 (9th Cir. 2006); *Biesek*, 440 F.3d at 413 (describing the debtor as "an interloper, trying to prosecute a claim that belongs

No. 12-5057        *Auday v. Wet Seal*                                    Page 4

to his estate in bankruptcy"); *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are the property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.").

The proceedings below show as much. The Trustee, not Auday, sought permission from the bankruptcy court to appoint counsel to pursue the claim, and the court's order granting that permission authorizes "Frank Pinchak to act as special counsel *for the Trustee*." *In re Auday*, ECF No. 25 (Mar. 5, 2010) (emphasis added). That Pinchak also happened to be Auday's lawyer for the claim against Wet Seal makes no difference. Parties, not lawyers, possess claims.

The Trustee, it is true, could have abandoned the claim against Wet Seal, and doing so would have returned it to Auday. *See* 11 U.S.C. § 554. But abandonment requires the Trustee to give notice to the creditors and, if any object, the bankruptcy court must hold a hearing. 11 U.S.C. § 554(a); Fed. R. Bankr. P. 6007(a). Neither happened here. Appointing a lawyer to prosecute the claim was a sign that the Trustee believed he might recover money from the suit, not that he intended to abandon it. The claim, it is also true, could have reverted to Auday if she had listed it on her schedule of assets and if the bankruptcy court had closed the case without disposing of it. 11 U.S.C. § 554(c). That also did not occur. *In re Auday* remains open on the bankruptcy court's docket, and Auday never listed a claim against Wet Seal as an asset.

Auday's claim also does not amount to exempt property that could pass to her through bankruptcy. She did not list the claim among the exemptions in her petition. Even if she had, a $500,000 claim is too large for a debtor to retain. *See* 11 U.S.C. § 522(d); Tenn. Code Ann. § 26-2-103 (limiting the value of exempt property to $10,000). As a result, the Trustee did not abandon the claim, and it thus still belongs to Auday's estate.

For her part, Auday argued in the district court that the Trustee "conferred standing on her" by giving her permission to continue the lawsuit on behalf of the estate. R. 16 at 10–11. Perhaps the Trustee had that power, but there is no sign in the record

that he entered into an agreement allowing Auday to bring the suit on her estate's behalf. Without the Trustee, Auday may not pursue her lawsuit.

Requiring the Trustee, not Auday, to bring this lawsuit also squares with the equitable aims of judicial estoppel. While a debtor may have an incentive to hide claims in order to profit from them herself, a Trustee does not. *See White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479 (6th Cir. 2010). Auday argues that barring her from bringing this lawsuit unfairly allows Wet Seal to escape liability for its allegedly discriminatory acts. But if the Trustee prevails, Wet Seal would not receive a free pass for its conduct, and the proceeds would go to Auday's creditors (and perhaps some of them would even go to Auday herself).

Whether this is the end of the road for Auday and the Trustee remains to be seen. Under the Civil Rules, a district court under some circumstances may join or substitute the real party in interest—here, the Trustee. *See* Fed. R. Civ. P. 17(a)(3); *Wieburg*, 272 F.3d at 308. A district court also has the option of allowing a substitution to relate back to the date of the original complaint. *See* Fed. R. Civ. P. 15(c); *id*. 1966 Advisory Comm. Note (explaining that Rule 17's provision for substituting the real party in interest is "relevant" to whether a new plaintiff can relate back); *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318–19 (6th Cir. 2010) (noting that relation back permits "corrections of misnomers or misdescriptions" of plaintiffs). One last thing: It is by no means clear that the doctrine of judicial estoppel applies when a trustee brings a claim. *Reed v. City of Arlington*, 650 F.3d 571, 573 (5th Cir. 2011) (en banc); *see also Biesek*, 440 F.3d at 413 ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.").

Accordingly, we vacate the judgment and remand the case to the district court for the purpose either of dismissing the case without prejudice or of allowing Auday to amend the complaint to substitute the Trustee as the plaintiff.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 12-5057

> **FILED**
> *Oct 25, 2012*
> DEBORAH S. HUNT, Clerk

KAREN AUDAY,

      Plaintiff - Appellant,

    v.

WET SEAL RETAIL, INC.,

      Defendant - Appellee.


Before: SUTTON, GRIFFIN and WHITE, Circuit Judges.

## JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.


THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the judgment is VACATED, and the case is REMANDED to the district court for the purpose either of dismissing the case without prejudice or of allowing Auday to amend the complaint to substitute the Trustee as the plaintiff.

### ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk